Reed W. Larsen (3427)
Anthony B. Budge (11284)
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, 2nd Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile: (208) 235-1182
Email: reed@cooper-larsen.com
      tony@cooper-larsen.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JACK HOPKIN and SEPTEMBER HOPKIN, husband and wife, | ) ) ) | Case No. 4:24-cv-379 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| POLARIS INDUSTRIES INC., a Delaware Corporation; POLARIS, INC., a Delaware Corporation; and XYZ BUSINESS ENTITIES 1 THROUGH 10, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

COME NOW Plaintiffs, Jack Hopkin and September Hopkin, by and through the undersigned counsel, and for a cause of action against the above-entitled Defendants, state and allege as follows:

**INTRODUCTION**

1.      At all times material herein, Plaintiffs Jack Hopkin and September Hopkin are and were adult citizens of the United States who currently reside in Bloomington, Bear Lake County, Idaho.

2.      At all times material herein, Defendant Polaris Industries, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business in Medina, Minnesota, and doing business in the state of Idaho.

3.      At all times material herein, Defendant Polaris, Inc. is a corporation organized and existing under the laws of Delaware and doing business in the state of Idaho.

4.      Upon information and belief, Defendants Polaris Industries, Inc. and Polaris, Inc. are affiliated entities, distributing certain products, including but not limited to the 2020 RMK Khaos 850 snowmobile, manufactured and distributed by Defendant Polaris, Inc.

5.      At all material times herein, Defendant Polaris Industries, Inc. and/or Polaris, Inc. was involved in the design, development, manufacturing, distribution, and/or sale of the 2020 RMK Khaos 850 snowmobile.

6.      Those parties identified as "XYZ Business Entities 1 through 10" are corporations and/or limited liability companies whose true names are unknown to Plaintiffs, but who are or may be liable to Plaintiffs based upon the acts, omissions and occurrences hereinafter described.  When the true names of such parties are discovered, Plaintiffs will seek leave to amend this Complaint accordingly.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over the parties and subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

8.      Venue in this District is appropriate, as the cause of action arose in the state of Idaho, and Defendants currently conduct business in the state of Idaho, and did so both at the time of the events in this Complaint, and at the time Plaintiffs commenced this action.

**GENERAL ALLEGATIONS AND CAUSE OF ACTION**

9.      On or about August 30, 2022, Defendant Polaris Industries, Inc. and/or Polaris, Inc. issued a safety recall that affected the 2020 RMK Khaos 850 snowmobile (the "Safety Recall").

10.      This Safety Recall stated that electrostatic discharge inside the fuel tank could cause vapors to ignite during operation, posing a fire hazard.

11.      In approximately December of 2022, Justin Jacobson brought into Northstar's Ultimate Outdoors in Preston, Idaho ("Northstar's") a 2020 RMK Khaos 850 snowmobile he had previously purchased from them (the "Snowmobile")

12.      At that time, Plaintiff Jack Hopkin was employed as a repair technician/mechanic at Northstar's.

13.      Mr. Jacobson complained that the Snowmobile was had hard starting issues and was cutting out when cruising, and also noted the Safety Recall.

14.      Plaintiff Jack Hopkin used the detailed step-by-step instructions for replacing and updating the fuel pump assembly provided by Polaris Industries, Inc. and/or Polaris, Inc., as advised

by the Safety Recall. When that was completed, he verified the procedure through photos sent to the Polaris warranty department.

15. Mr. Hopkin then contacted the Polaris tech line regarding the hard starting and run ability issues with the snowmobile, and was instructed by the Polaris tech line to replace the injectors (a procedure that Mr. Hopkin was familiar with and had done many times before) to see if that would remedy the hard starting and run ability issue that was occurring on the machine. After injectors were replaced he verified that there were no external fuel leaks in the engine compartment.

16. After following all instructions advised by the Safety Recall and Defendant Polaris Industries, Inc. and/or Polaris, Inc's tech line instructions, Plaintiff Jack Hopkin drove the Snowmobile from Northstar's shop and through the parking lot to test the repairs and new fuel pump assembly.

17. Less than one minute after leaving the shop, the Snowmobile exploded, causing severe burns and injury to Plaintiff Jack Hopkin.

18. As a direct and proximate result of Defendants' failure to properly manufacture, fabricate, design, or assemble the Snowmobile, such that it was sold and distributed with a serious safety hazard; and its failure to properly remedy the known safety hazard, Mr. Hopkin sustained a severe burns to 10% of his body and continues to suffer from the effects of the injury.

## FIRST CAUSE OF ACTION

### (Negligence)

19. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

20.     At all times relevant hereto, Defendant Polaris Industries, Inc. and/or Polaris, Inc. was and is engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, promoting, marketing, modifying and advertising the 2020 RMK Khaos 850 snowmobile, including the Snowmobile, and each and every component part thereof. Defendant Polaris Industries, Inc. and/or Polaris, Inc. knew that there was a safety issue with the fuel pump on the Snowmobile, as evidenced by the Safety Recall issued by it on August 30, 2022.

21.     At all times mentioned herein, Defendant Polaris Industries, Inc. and/or Polaris, Inc. negligently and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, serviced, promoted, marketed, modified and/or advertised the Snowmobile with safety defects, including a faulty fuel pump and assembly that could, and in fact did, lead to the explosion of the fuel tank on the Snowmobile at issue in this case. Defendant Polaris Industries, Inc. and/or Polaris, Inc. Also negligently failed to warn Plaintiff Jack Hopkin of the dangers posed by the Snowmobile, even after it was repaired according to the Safety Recall and Defendant Polaris Industries, Inc. and/or Polaris, Inc.'s instructions.

22.     The remedy to the Safety Hazard issued to Northstar's and other Polaris dealers by Defendant Polaris Industries, Inc. and/or Polaris, Inc. on the Safety Recall for the 2020 RMK Khaos 850 snowmobile, including the Snowmobile, should have been, and was reasonably expected to have been, designed to completely fix the issues leading to the Safety Recall. Defendant Polaris Industries, Inc. and/or Polaris, Inc. was aware of the high degree of danger to human health and safety posed by the Snowmobile, however the remedy provided by Defendant Polaris Industries, Inc. and/or Polaris, Inc. failed to cure the defect, and ultimately caused damages and severe injury to Plaintiff Jack Hopkin.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 5

23.     In light of the potential for serious injury if the fuel tank on a 2020 RMK Khaos 850 snowmobile were to ignite during operation, causing a fire and a potential for explosion, Defendant Polaris Industries, Inc. and/or Polaris, Inc.  had a legal duty to exercise an appropriate degree of care in the preparation and design of its remedy and repair instructions issued to Polaris dealerships and repair shops, including Northstar's.  Defendant Polaris Industries, Inc. and/or Polaris, Inc. failed to exercise such care and was negligent.

24.     As a direct and proximate result of Defendant Polaris Industries, Inc. and/or Polaris, Inc.'s negligence, Plaintiff Jack Hopkin suffered serious physical injury and damages.  Plaintiffs are entitled to recover a money judgment against Defendant Polaris Industries, Inc. and/or Polaris, Inc. in an amount sufficient to fully and fairly compensate them for injuries, losses and damages in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Strict Liability)

25.     Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

26.     At the time of it's sale, Defendant Polaris Industries, Inc. and/or Polaris, Inc.  was and is engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, promoting, marketing, modifying and advertising the 2020 RMK Khaos 850 snowmobile, including the Snowmobile, and each and every component thereof.  The Snowmobile contained design and/or manufacturing defects that were capable of causing serious injury to the user of the Snowmobile, including a defect of the fuel pump assembly that could cause a fire to ignite in the fuel tank and cause an explosion.

27.     The Snowmobile that Defendant Polaris Industries, Inc. and/or Polaris, Inc. manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, and/or sold was defective and unreasonably dangerous when it left the control of Defendant Polaris Industries, Inc. and/or Polaris, Inc.

28.     Plaintiff Jack Hopkin was a member of the class of persons that Defendant Polaris Industries, Inc. and/or Polaris, Inc. should have reasonably foreseen as being subject the harm caused by the Snowmobile's defective and unreasonably dangerous condition.

29.     Prior to December 22, 2022, Defendant Polaris Industries, Inc. and/or Polaris, Inc. was aware of the defects of the Snowmobile, as evidenced by its Safety Recall for snowmobiles manufactured from 2016 to 2022, which included the Snowmobile.  The Safety Recall cited a risk of fire inside the fuel tank due to electrostatic discharge, and provided a step-by-step procedure to update the fuel pump assembly, to remedy the safety hazard.

30.     Defendant Polaris Industries, Inc. and/or Polaris, Inc. failed to give adequate and proper warnings regarding the danger of the defect on the Snowmobile, and further failed to provide adequate and/or effective instructions for the remedy for the defect of the snowmobile fuel pump assembly.

31.     Plaintiff Jack Hopkin updated the fuel pump assembly in the exact manner proscribed by Defendant Polaris Industries, Inc. and/or Polaris, Inc.   However, the Snowmobile continued to operate in a defective and unreasonably dangerous condition.

32.     Plaintiff Jack Hopkin was unaware of the fact that the procedure provided by Defendant Polaris Industries, Inc. and/or Polaris, Inc.  would not cure the defect in the Snowmobile, and relied on Defendants' duty to provide a remedy to said defects that were reasonably safe.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 7

Plaintiff Jack Hopkin's injuries were directly and proximately caused by the dangerous and defective condition of the snowmobile at issue in this matter, and Defendants should be held strictly liable for Plaintiff Jack Hopkin's injuries.

33.    As a direct and proximate result of the conduct of Defendant Polaris Industries, Inc. and/or Polaris, Inc. manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, promoting, marketing, modifying and advertising the Snowmobile, which contained design and manufacturing defects as aforesaid, Plaintiff Jack Hopkin suffered serious physical injury and damages, and Plaintiffs are entitled to recover a money judgment against Defendant Polaris Industries, Inc. and/or Polaris, Inc. in an amount sufficient to fully and fairly compensate them for injuries, losses and damages in an amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION

### (Breach of Warranty)

34.    Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

35.    Defendant Polaris Industries, Inc. and/or Polaris, Inc. is a merchant with regard to the Snowmobile.

36.    Defendant Polaris Industries, Inc. and/or Polaris, Inc.'s 2020 RMK Khaos 850 snowmobiles, including the Snowmobile, are considered goods.

37.    Defendant Polaris Industries, Inc. and/or Polaris, Inc.'s implied warranty of merchantability accompanied the sale of the Snowmobile.

38.    Defendant Polaris Industries, Inc. and/or Polaris, Inc. warranted that the Snowmobile was fit for ordinary use.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 8

39. The materials, design, and manufacture of the Snowmobile made it defective and unfit for the ordinary purposes for which it is typically used. The Snowmobile was not fit for ordinary use.

40. Any effort by Defendant Polaris Industries, Inc. and/or Polaris, Inc. To disclaim or limit its responsibility for its defective Snowmobile would be unconscionable under the circumstances because Defendant Polaris Industries, Inc. and/or Polaris, Inc. knew or should have known its Snowmobile was unfit for normal use. Through its conduct, Defendant Polaris Industries, Inc. and/or Polaris, Inc. breached its implied warranty of merchantability and is liable to Plaintiffs.

41. As a direct and proximate result of Defendant Polaris Industries, Inc. and/or Polaris, Inc.'s aforesaid breach of warranty, Plaintiff Jack Hopkin suffered serious physical injury and damages, and Plaintiffs are entitled to recover a money judgment against Defendant Polaris Industries, Inc. and/or Polaris, Inc. in an amount sufficient to fully and fairly compensate them for injuries, losses and damages in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION

### (Loss of Consortium)

42. Plaintiffs incorporate by reference all of the foregoing and following allegations of this Complaint.

43. As a direct and proximate result of Defendants' wrongful conduct set forth above, Plaintiff Jack Hopkin suffered a serious injury caused by the explosion of the Snowmobile, and Plaintiff September Hopkin was deprived the society, comfort, service, companionship, and consortium of her husband. In fact, Plaintiff September Hopkin has been required to provide further

aid and assistance, comfort, and skill to her husband, Plaintiff Jack Hopkin, all as a result of the conduct of Defendant Polaris Industries, Inc. and/or Polaris, Inc.

44. That as a direct and proximate result of the conduct as identified above of the Defendants, Plaintiff September Hopkin has suffered damages in amounts in excess of $75,000 to be proven at trial.

## DAMAGES

45. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred and will continue to incur in the future special damages including, but not limited to, those for medical care and the loss to Plaintiffs' earning capacity, in amounts to be proven at trial.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered general damages which include, but are not limited to, physical and mental pain and suffering, impairment of faculties and ability to perform usual activities, and loss of enjoyment of life, in an amount to be determined at trial, which is in excess of $75,000.

## ATTORNEYS' FEES

47. As a further direct and proximate result of Defendants' conduct, Plaintiffs have been forced to retain the undersigned counsel and incur attorney's fees and costs for which they should be reimbursed by the Defendants.

**W HEREFORE**, Plaintiffs demand judgment against Defendants in the following amounts:

A. General damages in an amount to be proven at trial, in excess of $75,000;

B. Medical expenses in an amount to be proven at trial;

C. The loss of comfort, society, companionship, and consortium for September Hopkin;

D.      For attorney fees and costs incurred herein; and,

E.      For such other and further relief as the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues.

DATED this 20th day of July, 2024.

COOPER & LARSEN, CHARTERED


By   /s/ Anthony B. Budge
         ANTHONY B. BUDGE

STATE OF IDAHO )
                              :ss
County of BEAR LAKE

JACK HOPKIN and SEPTEMBER HOPKIN, being first duly sworn, depose and state as follows:

They are the Plaintiffs herein; they have read the foregoing document, know the contents thereof, and that the facts therein stated are true to the best of their knowledge and belief.

_____
JACK HOPKIN

_____
SEPTEMBER HOPKIN

SUBSCRIBED AND SWORN TO before me this 8th day of August, 2024.

_____
(SEAL) NOTARY PUBLIC FOR IDAHO Residing at: Pocatello
                                    Commission expires: 11-20-25

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 12**